## EX PARTE HUNTT.

JUSTICES OF THE PEACE, APPEALS FROM.

On an appeal from a judgment of a justice of the peace in a suit involving an amount originally within the exclusive jurisdiction of justices of the peace, the Supreme Court of this District has the right to set aside a verdict in that court for the same amount as that for which the justice's judgment was rendered, and grant a new trial.

Submitted January 20, 1897. Decided February 9, 1897.

PETITION for a writ of *mandamus* to a justice of the Supreme Court of the District of Columbia, directing him to vacate an order granting a new trial in a case appealed to that court from a justice of the peace and to enter a judgment upon a verdict rendered. *Denied.*

The facts are sufficiently stated in the opinion.

*Mr. Rodolphe Claughton* for the petitioner.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an application to this court for a *mandamus* to one of the justices of the Supreme Court of this District, requiring him to vacate and set aside his order granting a new trial in a cause tried before him, and requiring and commanding him to enter judgment upon the verdict of

the jury for the plaintiff in the cause—the verdict being the same that was set aside in granting the new trial, on the motion of the defendants.

, The case was an appeal from a judgment of a justice of the peace for $67.63; and on trial by jury in the Supreme Court the verdict of the jury was rendered for the same amount as that for which the magistrate's judgment had been rendered.

It is now insisted that inasmuch as the amount involved was originally within the exclusive jurisdctiion of the justice of the peace, and there having been a trial on appeal before a common law jury, the verdict of that jury is and was conclusive and beyond the control of the judge presiding at the trial, and that he had no other function to perform, after the rendition of the verdict, than simply to render judgment thereon; that in vacating the verdict and granting a new trial the judge acted without warrant of law, and the plaintiff has been deprived of an adjudicated and vested right.

This is certainly a novel application, and it has not the slightest legal foundation for its support. When the appeal was taken to the Supreme Court, that tribunal acquired full and complete jurisdiction over the case; and either party had a right to demand a jury trial. The justice of the Supreme Court in trying the appeal was in the ordinary exercise of his functions as judge, and so the jury empanneled to try the case was in all respects subject to the direction and control of the judge, as in ordinary cases of trial in that court. If the verdict was such as not to meet the right and justice of the case, in the opinion of the judge, it was his right, indeed his duty, to set it aside and grant a new trial. There is nothing so conclusive in this verdict as to preclude the right and power of the judge to grant a new trial; and there is nothing in the statutes relating to the jurisdiction of justices of the peace, and the trial of cases on appeal from the judgments of such justices, that

precludes the right to grant a new trial. The exercise of the right is matter of sound discretion of the judge before whom the case was tried, and such discretion cannot be controlled by an appellate court. *The application is denied and the petition is dismissed.*